UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HOWELL MOUNTAIN PARTNERS, L.P.,                    No. 15-10524

                Debtor(s).
_____/

Memorandum on Motion to Assume Lease
_____

      Chapter 11 debtor in possession Howell Mountain Partners, L.P., ("HMP") is in the business of growing grapes and making wine. Its principal asset is a 33-year lease of 17.54 acres of agricultural land from lessors Leanne and Lawrence Patterson. The lease was entered into in 2000 and runs to 2033. The original lease called for minimum annual rent per acre or, alternatively, rent calculated by the amount of grapes grown on the property. The lease also called for a few cases of wine to be given to the Pattersons in certain years.

      For the first three years of the lease, there was to be no inflation adjustment to the minimum rent. Starting in 2003, the rent was to be adjusted according to the Consumer Price Index. This is the most important factor in what is becoming a complex dispute.

      For nine of the first ten years of the lease, only the minimum rent was due. By 2011, production was increasing to the point that HMP felt that the calculated ("percentage") rent formula would be unworkable; at some point, it would make more sense for HMP to leave the grapes to rot rather than harvest them. The parties then agreed to an amendment which scrapped the original

1

formula for calculating rent based on grape production and replaced it with one which would give HMP incentive to increase production. The addendum recited: "the current Minimum Annual Rent (as of the Effective Date of this Amendment to Vineyard Lease) is $52,669.08."[1]

Unknown to both sides, the number $52,669.08 was not correct. A CPA hired to do the CPI calculation had done it incorrectly. The proper current minimum rent was far lower. Until the mistake was discovered, HMP overpaid paid the Pattersons $67,636.34. There is no dispute as to this fact.

HMP has moved the court to assume the Patterson lease, which is a very valuable asset of the bankruptcy estate. Pursuant to § 365(d)(1) of the Bankruptcy Code, a debtor seeking to assume a lease must cure any default. The Pattersons have filed a claim alleging that they are entitled to $65,667.61. Applying the overpayment to the claim, HMP is not in default and the lease should be assumed.

The Pattersons disagree. Even though they admit that HMP overpaid, they argue that the recitation in the 2011 addendum that the current minimum rent was $52,669.08 was something they bargained for and that they would not have entered into the addendum but for this specific amount. Their argument was considerably undercut by Leanne Patterson's poor performance on the witness stand. Even though she is a lawyer, she seriously misinterpreted the terms of the lease and tried to convince the court that the terms of the addendum resulted in a reduction of rent in the amount of $96,470.00 when in fact the reduction was a much more modest $21,602.21.

If this dispute came before the court in the context of an adversary proceeding or an objection to the Pattersons' claim, the court might well find, based on the evidence presented, that the $52,669.09 figure in the addendum was intended by both sides to be nothing more than a recitation of fact based on mutual mistake as to how the number was calculated. The court might then very well reform the addendum to reflect the correct number. However, the dispute comes before the court on a

---

[1] A further writing acknowledging the lease in 2014 appears to be a red herring. It was signed at the request of the Pattersons, who needed it for financing purposes, and was not intended to alter any contractual rights.

2

1 motion to assume the contract. Such motions are summary in nature; they are not the proper way to
2 litigate disputes over the interpretation of a contract. *In re G.I. Industries, Inc.,* 204 F.3d 1276, 1282
3 (9th Cir. 2000); *In re Orion Pictures Corp.,* 4 F.3d 1095, 1098-99 (2nd Cir. 1993). Where the nondebtor
4 party to a contract or lease has filed a proof of claim, the bankruptcy court has full authority to decide
5 all issues raised by the claim, but it must be done in the context of an objection to it, not a motion to
6 assume or reject it. *In re G.I. Industries, Inc.,* at 1279.

In this case, the Pattersons have filed a proof of claim. Until an objection to it is filed, they are deemed to have an allowed claim for unpaid rent in the amount of $65,667.61 pursuant to § 502(1)(a) of the Code. While the court can (and does) find that assumption of the lease is in the best interests of the bankruptcy estate, it cannot allow final assumption until an objection to the Patterson claim has been sustained or the claim has been satisfied.[2]

Counsel for HMP shall submit a form of order approved as to form by counsel for the Pattersons. It shall recite that assumption of the Patterson lease is in the best interest of the bankruptcy estate and that HMP's motion will be granted upon disallowance or satisfaction of the Patterson claim.

Dated: March 16, 2016

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] If HMP seeks reformation or other equitable relief, it may choose to file an adversary proceeding against the Pattersons; their claim may be adjudicated in such an adversary proceeding pursuant to Rule 3007(b) of the Federal Rules of Bankruptcy Procedure.

3